1

2

3

4

5

6

7

8

9                           UNITED STATES DISTRICT COURT

10                          CENTRAL DISTRICT OF CALIFORNIA

11

12    RAFI MOGHADAM,                          )    CASE NO.   CV-17-6547-R
                                              )
13                Plaintiff,                   )
                                              )
14         v.                                 )    ORDER TO SHOW CAUSE RE: WHY
                                              )    PLAINTIFF'S 42 U.S.C. § 1983 CAUSE
15    KAMELIA JALILVAND, and ROES 1-10,        )    OF ACTION SHOULD NOT BE
                                              )    DISMISSED FOR FAILURE TO STATE A
16                Defendants.                  )    CLAIM RESULTING IN DISMISSAL
                                              )    FOR LACK OF SUBJECT MATTER
17                                            )    JURISDICTION
                                              )
18

19         Plaintiff Rafi Moghadam brings this action on the basis of federal question and

20    supplemental jurisdiction.  28 U.S.C. §§ 1331, 1367.  His sole basis for federal question

21    jurisdiction is his first claim for relief, in which he alleges that Defendant Kamelia Jalilvand—

22    acting under California Penal Code § 837—violated his civil rights under 42 U.S.C. § 1983 by

23    unlawfully placing him under citizen's arrest for recording Defendant without her consent.  He

24    alleges Defendant lacked probable cause to make the arrest.

25

26         Claims under § 1983 require that a defendant (1) deprived the plaintiff of a constitutional

27    right while (2) acting under color of state law.  *King v. County of Los Angeles*, 885 F.3d 548, 556

28    (9th Cir. 2018).  The Ninth Circuit has specifically held that a defendant who performs an

unlawful citizen's arrest under Penal Code § 837 does not act under color of state law for purposes of § 1983. *Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989). Therefore, Plaintiff's § 1983 claim appears untenable.

A district court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim…but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion." *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). The district court may do the same when it appears subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3).

This order serves as notice. Plaintiff is ORDERED TO SHOW CAUSE why his first claim for relief should not be dismissed under Rule 12(b)(6) resulting in dismissal of the suit for lack of subject matter jurisdiction. Plaintiff shall have until Thursday June 14, 2018 to file a response. Failure to timely respond to the Court's Order may result in the dismissal of the action.

Dated: June 4, 2018

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE