JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RAFI MOGHADAM, | ) CASE NO. CV 17-6547-R |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING COMPLAINT ) |
| KAMELIA JALILVAND; ROES 1-10, | ) ) |
| Defendants. | ) |

On June 4, 2018, this Court ordered Plaintiff to show cause why his 42 U.S.C. § 1983 claim should not be dismissed for failure to state a claim. (Dkt. 26). Plaintiff filed a response on June 14, 2018. (Dkt. 27). Unpersuaded, this Court now dismisses the § 1983 claim and declines to exercise supplemental jurisdiction over the state law claims.

A district court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim…but the court must give notice of its *sua sponte* intention to invoke Rule 12(b)(6) and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion." *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). This Court has complied with these directives by issuing an Order to Show Cause and allowing Plaintiff to respond.

Rule 12(b)(6) dismissal is proper when a complaint exhibits "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so the defendant receives "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Courts will not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements…." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Plaintiff alleges that Defendant, acting under California Penal Code § 837, violated Plaintiff's civil rights under 42 U.S.C. § 1983 by unlawfully placing him under citizen's arrest for electronically recording Defendant without her consent.[1]

Claims under § 1983 require that a defendant (1) deprive the plaintiff of a constitutional right while (2) acting under color of state law. *King v. County of Los Angeles*, 885 F.3d 548, 556 (9th Cir. 2018). Plaintiff argues that Defendant violated Plaintiff's constitutional rights while acting under color of California's citizen's arrest statute, which permits a private person to arrest another "[f]or a public offense committed or attempted in h[er] presence." Cal. Pen. Code § 837. As explained below, Plaintiff's § 1983 claim fails because he does not allege facts showing that Defendant acted under color of state law.

Private parties are presumed not to act under color of state law. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). Still, a private person may act under color of state law for § 1983 purposes where her conduct is "fairly attributable to the State." *Collins v. Womancare*, 878 F.2d 1145, 1151 (9th Cir. 1989). There are two requirements for private actions to be attributable to the state. First, the actor must be acting pursuant to some state policy—the "state policy requirement." *Id.* Second, the actor must be a state actor—the "state actor requirement." *Id.* The plaintiff must allege facts satisfying both requirements.

\\\

\\\

---

[1] This Court is aware of Defendant's pending motion to strike the First Amended Complaint ("FAC"). As the § 1983 allegations in the FAC are not materially different than the allegations in the Complaint, this Court will base its ruling on the FAC.

**State Policy Requirement**

Plaintiff does not argue that Defendant acted pursuant to a state policy, instead focusing his discussion only on the "state actor" requirement below. As explained, however, Plaintiff must allege facts satisfying both requirements.

"The state policy requirement ensures that the alleged deprivation is fairly attributable to a state policy." *Collins*, 878 F.2d at 1151. But "private misuse of a state statute does not describe conduct that can be attributed to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982). Thus, where a purported state actor misuses—i.e. acts contrary to—a state law, her conduct cannot "be ascribed to any governmental decision." *Id*. at 940. Rather, she "act[s] *contrary to the relevant policy articulated by the State*." *Id*. (emphasis added).

Here, Plaintiff admits that Defendant's conduct amounted to an "unlawful" citizen's arrest. FAC ¶ 18. If the arrest was unlawful, Defendant must have misused or acted *contrary* to—not *pursuant* to—the citizen's arrest statute. Her conduct therefore cannot "be ascribed to any governmental decision." Plaintiff's § 1983 claim must fail under the state policy requirement. Moreover, as explained below, Plaintiff's claim also fails under the state actor requirement.

**State Actor Requirement**

Plaintiff argues that Defendant was a state actor for purposes of the citizen's arrest because Defendant, an attorney, is an "officer of the court." (Response at 2). This Court disagrees.

As a rule, a lawyer "is not, by virtue of being an officer of the court, a state actor within the meaning of § 1983." *Lew v. Allied Ins.*, 2017 U.S. Dist. LEXIS 206124, at *11 (C.D. Cal. Aug. 22, 2017); *Owens v. Cowan*, 2018 WL 1002313, at *12 (C.D. Cal. Jan. 17, 2018). In general, private conduct does not meet the state actor requirement without "something more." *Sutton*, 192 F.3d at 835. Courts apply the following tests to determine whether there is something more: (1) public function; (2) joint action; (3) governmental nexus; (4) governmental compulsion or coercion. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

Here, contrary to Plaintiff's argument, Defendant is not a state actor merely by virtue of her role as an "officer of the court." Moreover, she is not a state actor under any of the four applicable tests, as explained below.

1  "Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Kirtley*, 326 F.3d at 1093. "The public function test is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental." *Id.* Plaintiff's allegations do not satisfy this test, as the detention of a lawyer following a civil litigation dispute is not a traditional government function. *See Kidd v. Marshalls of Cal., LLC*, 2012 WL 833027, at *2 (C.D. Cal. Jan. 17, 2012) (seizing and detaining shoplifters not a traditional government function). Moreover, the FAC does not offer any details surrounding the actual arrest. As discussed in more detail below, if Defendant did no more than complain to police, she is not a state actor. Plaintiff does not allege any facts supporting that Defendant was "endowed by law with plenary police powers such that [she was a] *de facto* police officer[]." *Id.* Therefore, Defendant was not a state actor under the public function test.

Under the joint action test, the court considers whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Kirtley*, 326 F.3d at 1093. "[M]erely complaining to the police does not convert a private party into a state actor…[n]or is execution by a private party of a sworn complaint which forms the basis of an arrest enough to convert the private party's acts into state action." *Collins*, 878 F.2d at 1155 (holding that an individual making a citizen's arrest is not a state actor under the joint action test). Plaintiff does not allege any facts supporting that Defendant and the state were so interdependent that they were essentially joint participants. Based on Plaintiff's allegations, the Court cannot determine how Defendant executed the arrest, i.e. whether she first detained Plaintiff before contacting the police. As Plaintiff does not allege any such facts, the Court cannot conclude that Defendant did more than complain of Plaintiff's conduct to the police, who then arrested Plaintiff.[2] Defendant's mere complaints do not make her a state actor under the joint action test.

---

[2] Even assuming Defendant detained Plaintiff before the police arrived—details missing from the FAC—the Court finds no basis to conclude that the state was involved in this detention or accepted any benefits from the purportedly unconstitutional arrest. If Defendant first detained Plaintiff, it appears she acted alone and for her own benefit.

4

"[T]he nexus test asks whether there is [] such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Kirtley*, 326 F.3d at 1094-95. Based on the same analysis above, Plaintiff's allegations do not support that Defendant was a state actor under the nexus test. *See Kidd*, 2012 WL 833027, at *3 (applying same analysis to joint action and nexus tests).

"The compulsion test considers whether the coercive influence or significant encouragement of the state effectively converts a private action into a government action." *Kirtley*, 326 F.3d at 1094. Plaintiff does not allege that the state compelled Defendant to arrest Plaintiff. On the contrary, it appears Defendant either acted on her own or else complained to police to make the arrest. Defendant is not a state actor under the compulsion test.

Accordingly, Plaintiff's § 1983 claim fails under both the state policy and state actor requirements. This Court will not exercise supplemental jurisdiction over the state law claims.

**IT IS HEREBY ORDERED** that this case is DISMISSED.

Dated: July 18, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE